**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SERGEI LENNON,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**DAVERY MOONEYHAM in his official capacity as Warden of the Limestone County Detention Center, PATRICK CONTRERAS in his official capacity as United States Immigration and Customs Enforcement Field Office Director for the Conroe Field Office, TODD M. LYONS in his official capacity as Acting Director of United States Immigration and Customs Enforcement, KRISTI NOEM in her official capacity as Secretary of the United States Department of Homeland Security, and PAMELA JO BONDI in her official capacity as Attorney General of the United States,**<br><br>**Respondents.** | § § § § § § § § § § § § § § § § § § § § § § § | **CASE NO. 6:26-CV-54-ADA-DNM** |

**<u>ORDER STRIKING PETITONER SERGI LENNON'S PRO SE FILINGS</u>**

Petitioner Sergei Lennon, through his counsel, filed a Petition for a Writ of Habeas Corpus in February 2026, challenging Lennon's continued immigration detention. Dkt. No. 1. Lennon has been represented by counsel for the entire pendency of this action. On July 24, 2026, Lennon's counsel filed an Unopposed Motion to Transfer this case to the Southern District of Texas, where Lennon is currently detained. Dkt. No. 4. A few weeks later, Lennon filed a pro se Motion to Dismiss the Motion to Transfer, claiming that he wishes for the case to remain in the Western District of Texas. Dkt. No. 5. Lennon then made two more pro se filings asking the Court to rule on the Motion to Transfer. Dkt. Nos. 6, 7. Lennon's counsel remains as the attorney

to be noticed in Lennon's case and has not filed a motion to withdraw or taken other action to terminate his representation.

While every person has a right to represent themselves pro se and a right to be represented by an attorney should they so choose, a litigant cannot have both at the same time. Indeed, "[w]hen a [litigant] is represented by counsel, he or she does not have the right to file *pro se* motions. '[T]here is no constitutional right to hybrid representation.'" *United States v. Jones*, 842 F. App'x 878, 883–84 (5th Cir. 2021) (quoting *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996)); *Turner v. U.S. Bank Nat'l Ass'n*, SA-23-CV-00735-XR, 2025 WL 4710868, at *3 (W.D. Tex. Apr. 4, 2025) (applying the same principle in a civil context). Here, Lennon is represented by counsel. Accordingly, he does not have the right to make pro se filings. The Court therefore **STRIKES** Lennon's pro se filings found at Docket Numbers 5, 6, and 7.

Because of the inherent conflict between what Lennon's pro se filings requested and the motion to transfer his counsel filed, the Court further **ORDERS** Lennon's counsel to confer with Lennon and determine how to proceed in this case.

**SIGNED** this 3rd day of September, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE